UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EWA ZANIEWSKA,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK; COMMISSIONER OF
POLICE RAYMOND KELLY, INDIVIDUALLY AND
AS THE POLICE COMMISSIONER OF THE CITY
OF NEW YORK; POLICE OFFICER LORMIL TAX
REGISTRY 938883 and POLICE OFFICERS
"JOHN DOE" 1-6 AND POLICE OFFICERS "JANE
DOE" 1-6 ALL BEING SUED IN THEIR
OFFICIAL AND INDIVIDUAL CAPACITIES,

                              Defendants.
----------------------------------------X

**ORIGINAL**
**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 19 2011 ★
BROOKLYN OFFICE

**COMPLAINT WITH**
**JURY DEMAND**

CV11-2446

MAUSKOPF, J.

POLLAK. M.

     Plaintiff, EWA ZANIEWSKA ("ZANIEWSKA"), by and through his

attorneys, the law office of Cronin & Byczek, LLP, as and for

his First Amended Complaint against defendants, respectfully

sets forth the following:

                    <u>**NATURE OF ACTION**</u>

     1.   Plaintiff brings this action against defendant THE

CITY OF NEW YORK, as well as the following individuals, both

personally and in their official capacities, COMMISSIONER OF

POLICE RAYMOND KELLY, POLICE OFFICER LORMIL TAX REGISTRY 938883,

POLICE OFFICERS "JOHN DOE" 1-6 AND POLICE OFFICERS "JANE DOE" 1-

6 for false arrest, malicious prosecution, and violations of

plaintiff's civil rights and constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments. Specifically, Plaintiff asserts a claim under 42 U.S.C. §1983, in addition to state law claims.

2.    Plaintiff seeks damages both compensatory and punitive, an award of costs, interest and attorneys fees and such other relief as this Court may deem just and equitable.

**JURISDICTION**

3.    The jurisdiction of this Court is invoked based upon federal questions and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§1343(3) and (4), 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e through § 2000e (15).

4.    This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367.

5.    Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to all state claims set forth in all counts.

6.    The rights, privileges and immunities sought herein to be redressed are those secured by the First, Fourth and Fifth Amendments and by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, and provisions against national origin discrimination and

national origin profiling based upon 42 U.S.C. § 1981, 1983 and
1985. This action also seeks relief for violation of the New
York City Administrative Code §8-107 and New York State
Executive Law §296.

## VENUE

7. Venue is proper within the Eastern District of this
Court, County of New York, State of New York, as the course of
defendants' conduct took place within the boundaries of the
County of Kings, State of New York.

## PARTIES

8. Plaintiff ZANIEWSKA is a legal permanent resident of
the United States, of Polish nationality. Plaintiff possessed a
"green card"

9. Defendant CITY OF NEW YORK ("CITY") was, and still is,
a municipal corporation duly organized and existing under, and
by virtue of, the laws of the City and State of New York, having
its place of business within the City of New York, and included
as its functions, the operation, management and finance of the
New York City Police Department.

10. Defendant New York City Police Department ("NYPD"),
its agents, servants and employees, operate under the direct
authority of the CITY, and is the official CITY agency charged

with law enforcement and investigative duties throughout the City of New York, and maintains control offices at One Police Plaza, New York, New York, along with satellite offices and precincts throughout the City of New York, including but not limited to, the 78th Precinct, located at Brooklyn, New York.

11.  Defendant RAYMOND KELLY, at all times relevant to this Complaint, was the Commissioner of the NYPD. As Commissioner, defendant KELLY is the principal administrator of the NYPD. Defendant Kelly was, at all times relevant to this action, responsible for the overall policies of the NYPD, including the institution and application of departmental rules and procedures, training and supervision of all police personnel. Defendant Kelly was responsible for the conduct of all police personnel operating under his command, including but not limited to, all of the individual NYPD defendants in this action, and is responsible for assuring that all officers comport themselves consistently with the Constitution of the United States and all State, Federal and local laws. He is sued in his individual and official capacities.

12.  Defendant NYPD Officer LORMIL TAX REGISTRY 938883 was, and upon information and belief, still is, employed by defendant CITY as a police officer. He is sued in his individual and official capacities.

13. Defendant NYPD Officers "JOHN DOE" 1-6 were, and upon information and belief, still are, employed by defendant CITY as a police officers. They are sued in their individual and official capacities.

14. Defendant NYPD Officers "JANE DOE" 1-6 were, and upon information and belief, still are, employed by defendant CITY as a police officers. They are sued in their individual and official capacities.

15. Prior to the commencement of this action, on or about September 15, 2010, and within ninety (90) days after the occurrence complained of herein, plaintiff served a written Notice of Claim upon defendant THE CITY OF NEW YORK in compliance with General Municipal Law § 50-e.

16. On or about January 26, 2011, plaintiff ZANIEWSKA submitted to a General Municipal Law § 50-h hearing by Corporation Counsel for THE CITY OF NEW YORK.

17. At least thirty (30) days have elapsed since the above-mentioned Notice of Claim was presented for adjustment and/or payment thereof, and defendant THE CITY OF NEW YORK has neglected and/or refused to make such payment and/or adjustment.

**FACTUAL BACKGROUND**

18. At all times relevant herein, plaintiff EWA ZANIEWSKA was, and still is, a permanent resident of the United States in

5

possession of a legal "green card" and is of Polish heritage having immigrated to the United States in approximately 2000.

19.    On or about Sunday June 20, 2010 while sitting in a backyard garden, at a private party in the vicinity of 557 Union Avenue, Brooklyn, New York, defendants confronted and detained plaintiff ZANIEWSKA without probable cause.

20.    Upon information and belief, plaintiff ZANIEWSKA was the subject of national origin profiling, as defendants singled her out simply because she had an accent and was female.

21.    Defendants thereafter questioned plaintiff ZANIEWSKA as to her identity.  ZANIEWSKA provided both verbal and written identification that she was a legal permanent resident of the United States and showed the officers her "green card".

22.    After further interrogation by defendants, plaintiff along with approximately 30 other individuals who were in attendance at the party were told they were under arrest and transported in a private bus to the 78th Precinct.    Upon information and belief the bus was not NYPD issued and was not NYPD equipped or driven by NYPD officers.

23.    Plaintiff ZANIEWSKA was placed under arrest, detained, restrained, prevented from leaving, and placed in a holding cell with general population prisoners.

24.    Plaintiff ZANIEWSKA was deliberately detained for over thirty-four hours before she was arraigned and released.

25.    The defendant police officers were unfamiliar with and/or ignored her legal governmental identification card, a "green card".

26.    At the stationhouse, plaintiff was wrongfully placed under arrest, falsely imprisoned and maliciously charged with violation of NYS Penal Law §140.05, despite the fact that plaintiff ZANIEWSKA repeatedly properly identified herself and her legal reason for being at 557 Union Avenue, Brooklyn, New York.

27.    While imprisoned at the 78th Precinct Plaintiff watched as all but 4 of the women arrested with Plaintiff were released without being charged, fingerprinted etc. All of the four women who were detained longer were of immigrant status.

28.    Despite having properly identified herself to defendants, plaintiff ZANIEWSKA was falsely and maliciously charged, handcuffed with excessive force, fingerprinted, searched and thrown into a cell. Plaintiff's belongings including her shoes were vouchered. Plaintiff was to remain shoeless for the next 34 hours. To this date Plaintiff has not been returned her belongings including $100 in cash. Plaintiff was constantly abused by other arrestees and in constant fear for her life. Plaintiff was given nothing to eat and was forced to urinate in a plastic bag. Plaintiff witnessed beatings by

fellow inmates and suffered constant screaming and cursing by NYPD officers at the arrestees.

29. Defendants were improperly trained and supervised or maliciously and willfully failed to follow proper NYPD procedures for properly identifying a suspect, encountering a permanent resident and verifying the residency status.

30. Defendant City knew and/or should have known that their employees would encounter a situation similar to the one regarding the plaintiff, in which an individual of a foreign nationality would identify themselves by showing their "green card". Notwithstanding Plaintiff's insistence that she was legal, NYPD required that she show a proof of residency in Brooklyn. Despite her boyfriend providing evidence of a utility bill for her address, NYPD continued to refuse to release Plaintiff from custody.

31. The situation which was encountered by the individual defendants was the kind which training would have made less difficult.

32. The defendants knew and/or should have known that the wrong choice by them would result in the deprivation of plaintiff's constitutional rights.

33. The defendants acted without reasonable basis and in knowing violation of her Civil Rights.

34.   On or about the next day June 21, 2010 Plaintiff was dragged to Brooklyn Central Booking and again thrown in a cell and left for hours without food, drink or the ability to go to the bathroom.   Plaintiff was again subjected to the groping and grabbing by fellow inmates, screaming and cursing by fellow inmates and NYPD personnel.   Plaintiff was in fear for her life.

35.   Thereafter, on or about 6:00 p.m. on June 21, 2010 NYPD defendants, despite having been informed as to plaintiff's true identity and status as a permanent resident proceeded to bring Plaintiff to the courtroom on the charge of Trespass (P.L. §140.05).

36.   The NYPD failed to train and supervise their employees regarding "permanent residents" and acted with deliberate indifference of the rights of persons such as the plaintiff.

37.   On or about 8:00 p.m. on June 21, 2010 Plaintiff was taken from the courtroom of the Kings Supreme Court and released.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. 1981 AGAINST ALL DEFENDANTS

38.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39.   Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the

Plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

40.  Plaintiff has been deprived of he Constitutional Rights to be free of discrimination based upon national origin and gender and national origin profiling, and has been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.

41.  The actions of Defendants, in depriving Plaintiff, of her Constitutional and Civil Rights, as hereinbefore stated, were willful and malicious acts.

42.  In addition to Plaintiff, Defendants have similarly violated the rights of other similarly situated permanent residents, all as part of a deliberate policy and a deliberate course of conduct.

43.  As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

44.  Based on the foregoing, Plaintiff is entitled to punitive and exemplary damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A SECOND CLAIM PURSUANT TO
## 42 USC § 1983 AGAINST ALL INDIVIDUAL DEFENDANTS

45.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.  The individual defendants have embarked on a course of conduct that deprived plaintiff of her rights under the United States Constitution, federal and state law.

47.  The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by plaintiff are examples of defendants' violations of plaintiff's civil rights.

48.  The actions of defendants, acting under color of state and local law, custom and usage, have deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of her rights to due process and equal protection under the First, Fourth, Fifth and Fourteenth Amendments.

49.  Plaintiff was unlawfully arrested, imprisoned and maliciously prosecuted by defendants, without any cause or provocation whatsoever.

50.  The arrest, imprisonment and prosecution of plaintiff

was caused by defendants without authority of the law and without any reasonable cause or belief that plaintiff was in fact guilty of Trespass (NYS Penal Law §140.05).

51.  That defendants acting within the scope of their authority and within the scope of their employment, arrested and imprisoned plaintiff, even though defendants knew, had the opportunity to know, or should have known, that the matters hereinbefore stated were alleged wrongfully and unlawfully.

52. The individual defendants conspired together to violate plaintiff's rights, in that the individual officers acted in concert to unlawfully violate plaintiff's rights.

53.  The conduct and actions of the individual defendants, acting under color of law, was done intentionally, maliciously and/or with reckless disregard of the natural and probable consequences of their acts, was done without lawful justification and was designed to and did cause specific pain and suffering, mental anguish, extreme emotional distress, humiliation and embarrassment in violation of Plaintiff's constitutional rights as guaranteed under the Fourteenth Amendment, in violation of 42 U.S.C. §1983.

54.  As a consequence of defendants' unlawful actions, plaintiff demands damages in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 POLICY AND PRACTICE UNDER MONELL V. DEPARTMENT OF SOCIAL SERVICES AGAINST THE MUNICIPAL DEFENDANTS

55.  Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through  "54" hereinabove as if more fully set forth at length herein.

56.  Defendants' violations of Plaintiff's constitutional rights while acting under color of law resulted from a Municipal custom, policy and practice pursuant to Monell v. Department of Social Services, 438 U.S. at 694 n.58, 98 S.Ct. 2037 n.58.

57.  Defendant NYPD failed to train its police officers and displayed a deliberate indifference to the constitutional rights to those within the State of New York, specifically "permanent residents".

58.  Defendants knew or should have known of the constitutional violations by its staff but repeatedly failed to make any meaningful investigation into charges of constitutional violations by its staff.

59.  Defendants have deprived plaintiff of her civil, constitutional and statutory rights as a result of the unlawful and improper police stop due to the practice and policy of racial and national origin profiling and are liable to plaintiff under 42 U.S.C. §1983.

60.  That by reason of the aforesaid Plaintiff has been

damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S FOURTH CLAIM AGAINST DEFENDANTS FOR FALSE ARREST

61. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "60" as if set forth in full herein.

62. Plaintiff was arrested and imprisoned wrongfully and falsely by defendants, without probable cause, any right or legal grounds. Defendants deliberately disregarded their duty to investigate plaintiff's identity and, status as a "Permanent resident".

63. Defendants falsely and maliciously accused plaintiff of Trespass.

64. Defendants LORMIL and "JOHN DOES" 1 THROUGH 6 and JANE DOES 1 THROUGH 6, without any legal basis or reasonable cause or belief that plaintiff was in violation of the law, caused plaintiff ZANIEWSKA to be falsely arrested and imprisoned and maliciously prosecuted.

65. The defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained, imprisoned and maliciously prosecuted plaintiff, even though defendants, their agents, servants and employees knew, had the opportunity to know and/or

should have known through thorough investigation, that the matters alleged against plaintiff were false.

66.  Plaintiff was wholly innocent of the charges proffered against her and did not contribute in any way to the conduct of defendants, their agents, servants and employees.

67.  Plaintiff was forced to answer to the false and malicious charges concocted by defendants, and on June 21, 2010, the Criminal Court of Kings County dismissed all charges against plaintiff.

68.  As such, the charge brought against plaintiff by defendants was terminated in her favor.

69.  That by reason of the aforesaid, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A FIFTH CLAIM AGAINST DEFENDANTS FOR MALICIOUS PROSECUTION

70.  The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" above, as if fully set forth herein.

71.  On or about June 20, 2010 defendants wrongfully and falsely accused plaintiff of Trespass (NYS Penal Law § 140.05).

72.  Despite the fact that plaintiff was wholly innocent of said false charge, plaintiff was subjected to malicious prosecution.

73. Defendants NYPD Officers LORMIL and JOHN DOES 106 and JANE DOES 1-6 falsely and maliciously, and without reasonable cause thereupon, continued to charge and prosecute plaintiff, disregarding any duty to investigate.

74. Defendants, their agents, servants and employees, acting in performance of their employment and within the scope of their authority, failed to investigate and/or withheld vital information before the criminal court.

75. Defendants, their agents, servants and employees, acting in performance of their employment and within the scope of their authority, falsely and maliciously and without probable cause, charged plaintiff with a crime, arrested her and prosecuted her.

76. Said malicious prosecution was terminated in plaintiff's favor.

77. By reason of the aforesaid unlawful and malicious prosecution, plaintiff was deprived of her liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body, and was held up to scorn and ridicule, was injured in his character and reputation, and was prevented from attending to his job duties and responsibilities.

78. That by reason of the aforesaid, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A SIXTH CLAIM AGAINST DEFENDANTS CITY OF NEW YORK AND COMMISSIONER KELLY FOR FAILURE TO TRAIN AND/OR SUPERVISE AND IMPROPER RETENTION OF OFFICERS

79. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" above, as if fully set forth herein.

80. The defendants failed to properly train and supervise their employees regarding the stop, detention, investigation, arrest and prosecution of individual "permanent residents" from out of the country who reside in New York State and New York City.

81. Defendants failed to train police officers regarding the proper procedures and investigation to be employed when permanent residents are encountered.

82. The defendants' failure to train and supervise as described above amounted to deliberate indifference to the Constitutional Rights of persons such as the plaintiff.

83. Defendants failed to implement and enforce appropriate supervision by and of its staff so as to prevent and remedy violations of citizens' Constitutional Rights.

84. Defendants failed to remedy the untrained unsupervised personnel and continued to retain them. As such, the Defendants

knew or should have known that the retention would result in violation of Plaintiff's Civil Rights.

85. That by reason of the aforesaid, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### FOR FALSE IMPRISONMENT

86. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" above, as if fully set forth herein.

87. On or about June 20, 2010 Plaintiff ZANIEWSKA was falsely imprisoned by defendants.

88. As a direct and proximate result of said false imprisonment by defendants, Plaintiff ZANIEWSKA has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR EMOTION DISTRESS

89. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" above, as if fully set forth herein.

90. Defendants' false arrest and false imprisonment of Plaintiff ZANIEWSKA was extreme and outrageous conduct.

91. Said extreme and outrageous conduct of defendants was undertaken with the intent to cause, or with a disregard for the

substantial probability of causing, severe emotional distress to Plaintiff ZANIEWSKA.

92. Defendants extreme and outrageous conduct was the direct and proximate cause of severe emotional distress to Plaintiff ZANIEWSKA.

93. As a direct and proximate result of said extreme and outrageous conduct, Plaintiff ZANIEWSKA has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST NYPD AND CITY OF NEW YORK UNDER THE NEW YORK CITY ADMINISTRATIVE CODE §8-107(1) ET.SEQ. AND THE NEW YORK CITY HUMAN RIGHTS LAW FOR NATIONAL ORIGIN DISCRIMINATION

94. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" above, as if fully set forth herein.

95. The Defendants' treatment of Plaintiffs and their complaints based upon race, national origin and opposition to discrimination, constitutes discrimination in violation of the New York Administrative Code §8-107(1) et.seq. and the New York City Human Rights Law.

96. The aforementioned occurrences were caused by the wrongful, careless, reckless and intentional acts of the Defendants.

97.   Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.   Additionally, Plaintiff seeks TWO MILLION ($2,000,000.00) DOLLARS in punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION PURSUANT TO NEW YORK STATE EXECUTIVE LAW §296 AGAINST ALL DEFENDANTS

98.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "97" with the same force and effect as if fully set forth herein.

99.   Based on the foregoing, the Defendants intentionally and willfully discriminated against the Plaintiff on account of her, national origin in violation of New York State Executive Law §296.

100. Plaintiff was continuously victimized by the Defendants' false arrest and false imprisonment.

101. Even though Defendants were aware of Plaintiff's legal "green card", no actions taken by them in correcting the discrimination suffered by Plaintiff.

102. Such conduct on the part of the Defendants and all others, without cause or justification, violated the Plaintiffs' Civil Rights guaranteed under the New York State Constitution and the New York State Executive Law §296.

103. As a result of the Defendants' actions and of the deprivations of Plaintiff's rights as guaranteed under New York

State Executive Law §296, the Plaintiff has suffered economic loss, pain, humiliation and extreme emotional distress.

104. As a result of the wrongful, careless, reckless and intentional acts of the Defendants, the Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS. Additionally, Plaintiffs seek TWO MILLION ($2,000,000.00) DOLLARS in punitive damages.

## JURY TRIAL

105. Plaintiff requests a jury trial on all questions of fact.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this Honorable Court grant the following relief:

A.    For the First Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS; and punitive damages sum of TWO MILLION ($2,000,000.00) DOLLARS;

B.    For the Second Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

C.   For the Third Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

D.   For the Fourth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

E.   For the Fifth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

F.   For the Sixth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

G.   For the Seventh Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

H.   For the Eighth Cause of Action against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

I.   For the Ninth Cause of Action against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS; and punitive damages sum of TWO MILLION ($2,000,000.00) DOLLARS;

J.   For the Tenth Cause of Action against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS; and punitive damages sum of TWO MILLION ($2,000,000.00) DOLLARS;

K.    In all causes of action, reasonable attorneys' fees, pre-judgment interest, costs of this action and for such other relief as this Court may deem just and proper.

Dated:    Lake Success, New York
          May 17, 2011

CRONIN & BYCZEK, LLP

_____

LINDA M. CRONIN (LC0766)
1983 Marcus Avenue, Suite C-120
Lake Success, New York 11042
(516) 358-1700